Filed 5/15/25  P. v. Carper CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084273 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS328846) |
| JASON CARPER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jason Carper entered into a plea agreement, under which he pleaded guilty to assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)) and admitted the victim was a person described in Family Code section 6211, subdivision (a).  He was granted probation for three years. The sentence included 180-days of custody with credit for one day.  The

remaining sentence assessed various fines and fees and included issuance of a criminal protective order.

Carper filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende.* We offered Carper the opportunity to file his own brief on appeal, but he has not responded.

The conviction was from a guilty plea without any evidentiary hearing to establish the facts of the offense. Accordingly, we will omit a statement of facts.

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues which were considered in the process of evaluating the potential merits of this appeal.

1.    Was Carper sentenced in accordance with the plea agreement?

2.    Whether the trial court erred in imposing a three-year term of probation.

We have independently reviewed the record for error as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Carper on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.

3